### *In re* JONES' ESTATE.

· (*Supreme Court, General Term, Second Department.* June 25, 1888.)

EXECUTORS AND ADMINISTRATORS—PROBATE PRACTICE—PAYMENT OF LEGACY.

    When it appears that the property in the hands of an executor, applicable to the payment of debts, legacies, and expenses, exceeds by at least one-third the amount of the debts and claims against the estate, all legacies entitled to priority over

petitioner's claim, and all legacies or distributive shares of the same class, and that the pecuniary provision is necessary for the support of petitioner, and that she is entitled to the same, upon the execution, filing, and approval of a bond, such as an executor may require from a legatee upon payment of a legacy, as provided by Code Civil Proc. N. Y. § 2719, the surrogate may properly make a decree directing payment or satisfaction of the legacy.

Appeal from surrogate's court, Kings county; ABRAHAM LOTT, Surrogate.

Petition to the surrogate of Kings county for a decree directing the payment of certain money to a legatee, under Code Civil Proc. N. Y. § 2719, which provides that when the amount of money and other property, in the hands of the executor or administrator, applicable to the payment of debts, legacies, and expenses, exceeds, by at least one-third, the amount of all known debts and claims against the estate, of all legacies entitled to priority over the petitioner's claim, and of all legacies or distributive shares of the same class, and the payment of the legacy is necessary for the support and education of the petitioner, the surrogate may, in his discretion, before the expiration of one year, make a decree, directing payment or satisfaction, upon the filing of a bond approved by the surrogate, conditioned as required by law with respect to a bond which an executor or administrator with the will annexed may require of a legatee upon the payment or satisfaction of a legacy. Decree granted. Executor appeals.

*Potter & Potter*, for appellant. *P. V. R. Stanton*, for respondent.

DYKMAN, J. This is an appeal from the decree of the surrogate of Kings county directing the payment of certain moneys under the provisions of section 2719 of the Code of Civil Procedure. The respondent was the wife of Thomas B. Jones, who died in September, 1887, leaving a last will and testament, in which he appointed her and his son Frank executors. By the will, after bequeathing a pew in the church of the Holy Trinity and 40 shares of the capital stock of the Nassau Fire Insurance Company of Brooklyn to his two sons, the testator said, in view of the fact that they (meaning the two sons) will receive a considerable amount insured on my life in their mother's name from several life insurance companies, I give and devise to my dear wife, Eveline Stanton Jones, the rest, residue, and remainder of my personal estate, goods, chattels of whatsoever kind, to be held by her for the support of herself and child, and at her death or marriage it shall be given in trust to my executors for the education and support of our said child until she arrives at her majority, when it shall be given to her. By the decree appealed from it was recited that the money and other property in the hands of the executors applicable to the payment of debts, legacies, and expenses exceeded by at least one-third the amount of debts and claims against the estate, and of all legacies which were entitled to priority over the petitioner's claim, and all legacies or distributive shares of the same class; and that the said pecuniary provision was necessary for the support of the petitioner; and that she was entitled to have the same; and a bond having been executed as required by section 2719 of the Code, and filed, duly approved, as required by said section, it was ordered that the co-executor, Frank V. Jones, as such executor, pay, assign, transfer, and deliver to said Eveline S. Jones, within five days after service of a copy of this decree, all dividends of stock received by him from the Hamilton Fire Insurance Company, Fireman's Insurance Company, United States Insurance Company, City Insurance Company, and the Merchants' Insurance Company, belonging to the estate of Thomas B. Jones, deceased. He was also directed to pay in the same time any dividends or any of the stock mentioned in the petition which he had received. All the property so directed to be passed over to the petitioner belonged to her under the last will and testament of her husband, and there was no reason why her co-executor should retain possession of the same; and our conclusion is that the decree of the surrogate was just and proper, and should be affirmed, with costs.